FILED
United States Court of Appeals
Tenth Circuit

August 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARK SIMONS; JOYCE W. SIMONS,

      Defendants-Appellants,

and

SIMONS FAMILY TRUST; SIMONS
ENTERPRISES TRUST; GREENPOINT
MORTGAGE; JP MORGAN CHASE &
CO., as Successor in Interest to Bank
One, Utah, N.A.;  J. BARRES JENKINS;
NORMA C. JENKINS,

      Defendants.

No. 11-4181
(D.C. No. 2:06-CV-00750-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mark Simons and Joyce W. Simons ("the Simonses") appeal pro se from the district court's order granting summary judgment to the United States ("the government") thereby reducing to judgment federal income tax assessments and foreclosing related liens against the Simonses' real property. Our jurisdiction arises under 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo." *United Fire & Cas. Co. v. Boulder Plaza Residential, L.L.C.*, 633 F.3d 951, 956 (10th Cir. 2011).

The government filed suit against the Simonses to reduce to judgment federal income tax assessments for 1992 through 2000 and to foreclose federal tax liens against two parcels of the Simonses' real property. The government also included the mortgage holder and others with potential interests in the property as defendants. Judgments of default entered against these other defendants, after which the government and the Simonses filed cross-motions for summary judgment. A magistrate judge issued a thorough Report and Recommendation, concluding that the government's motion should be granted and the Simonses' motion should be denied. He recommended that the government's tax assessments be reduced to judgment because the Simonses did not substantively challenge the government's evidence that they owed taxes, penalties, and interest covering the years in question. Likewise, the magistrate judge recommended that the tax liens be foreclosed against the Simonses'

real property because they failed to substantively controvert the government's evidence.[1]

Noting that the Simonses' only objection was their lack of consent to proceeding before a magistrate judge, the district court adopted the magistrate judge's recommendation, and granted summary judgment to the government on February 24, 2010.[2] Although the district court entered judgment for the tax assessments, it did not direct that the tax liens be foreclosed and the property sold. As such, when the Simonses appealed the district court's judgment, it was not yet final, and we dismissed the appeal for lack of jurisdiction. Thereafter, the district court issued an order of foreclosure and decree of sale, entering judgment in favor of the government. The Simonses appeal.

The Simonses submit a number of arguments, most of which are consistent with other tax-protester cases, challenging the propriety of the district court's order. Having reviewed the briefs, the record, and applicable law, we conclude the Simonses have not identified any reversible error in this case. We therefore AFFIRM the district court's August 30, 2011 judgment for substantially the same reasons

---

[1]    Following issuance of the magistrate judge's report, the Simonses petitioned this court for a writ of mandamus, requesting that we require the district court to strike the report. We denied the petition. *In re: Simons*, No. 10-4032, (10th Cir. filed Feb. 3, 2010).

[2]    Consent is not required for referral to a magistrate judge under 28 § 636(b)(1)(B). *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

articulated in the magistrate judge's Report and Recommendation, and adopted by the district court in its February 24, 2010 Order and Memorandum Decision.

Entered for the Court


Jerome A. Holmes
Circuit Judge